Tucker, P.
I am of opinion, that the court below 'rightly rejected the construction of the testator’s will contended for by the appellants; the widow being entitled to have her portion of the estate estimated according to its character at the testator’s death, and not otherwise. He never designed, that her share should be estimated as if the whole estate were personalty; thereby enlarging her rights from one third of the real estate for life to one half of its value in absolute property. His intention was, that she should have what the law allowed as her dower in lands, and if with her assent the whole estate should be sold out and out, he intended she should have one third of the proceeds of sale for life. And so of the slaves. Had he designed one half of the proceeds of sale for her, he would have said so in so many words, instead of using expressions, the natural import of which would give her only what the law allowed of his estate, in its existing condition at the time of his death.
*614 Such seems to me the obvious intention of the testator as declared in this will. And however closely we scan his expressions, the result will be the same. Thus, he gives to the wife certain specific legacies, “in addition to what the law allows her.” He does not pro- ■ fess to give her what the law gives, but only something in addition. She does not take her portion then under the will, but under the law. Now the law cannot give it to her in the landed estate as if it were personalty. If it is to be considered as personalty, it is by virtue of the will, and she would take it, not by gift of the law, but by force of the will. Instead of holding paramount to the will by law, she would hold under the will by bequest; whereas, as has been already said, she clearly holds by law and not by the bequest. And the difference might be very material; since if she'took under the will, she would take subject to the debts. In her present condition, too, if she takes money, her husband pockets the whole, but if she takes land, it is at her own disposal. Or, if it be admitted that she had a right to take either land or money, her husband cannot elect to take money to her prejudice; whereas if her rights are only to money, they belong absolutely to him. Pratt v. Taliaferro, 3 Leigh 419.
It has been attempted to maintain the right of the wife to one half the estate, by an argument rested on two propositions; 1. that the whole estate real and personal, including the dower interest, was by the will converted into personalty; and 2. that by the words, “ in addition to what the law allows my wife of my estate,” the testator had reference to the conversion of it into personalty, and meant to give her of the proceeds of sale as much as the law would allow her if his whole estate were personal. To say nothing of the gratuitous character of this supposition, and of the inadmissible liberty thus taken with the testator’s words, it is enough to say, that the first proposition, on which *615 the whole argument rests, is utterly untenable. There was no conversion by the will, either legal or equitable, of so much of the realty as constituted the wife’s third. The whole equitable doctrine of the absolute conversion of land into money, rests upon the jus disponendi. Gujus est dare, ejus est disponere. But where there is no jus disponendi, there can be no equitable conversion by will. Now, here, the husband had no jus disponendi of the dower of his wife. There was, then, no conversion of that portion of his estate. If, indeed, after his death, she had assented to a sale out and out, there might have been a conversion ; yet not by his mil, but by her contract; and she would only have had title to the value of her third for life, out of the proceeds of sale. There is, therefore, no foundation for the supposed construction, resting upon the postulate that there was an equitable conversion, out and out, of the whole land into personal estate. In every view of the case, I am satisfied that the construction contended for by the appellants is wrong.
It was suggested in the argument, that the slave Edmund Williams, who was emancipated, was not embraced in the decretal order, directing the estate to be divided, and the widow’s portion laid off. I think this is a mistake. The commissioners are directed to divide the slaves of which the testator died possessed: the slave Edmund Williams was one of these, and, of course, is embraced in the order. If the commissioners, in making the division, should not take him into account, or should assign him to the widow, it will be in her power to except to their report.
Upon the whole, I think there is no error in the decree, and that it should be affirmed.
The other judges concurring, decree affirmed.